# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv335

| ALTHEA L. A. SKEELS, *et al.*, | ) | |
| --- | --- | --- |
| Plaintiffs, | ) | |
| Vs. | ) | MEMORANDUM AND RECOMMENDATION |
| BANK OF AMERICA, N.A., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Complaint (#10). On November 2, 2009, plaintiffs, through counsel, requested an enlargement of the time for filing a response to such motion, which the undersigned allowed, resetting the response deadline up to and inclusive of November 23, 2009. Such deadline having run, the court enlarged this deadline on December 2, 2009, up to and including December 8, 2009. As of December 14, 2009, plaintiffs have failed to file any response. For such reason, the undersigned will recommend that defendants' Motion to Dismiss Complaint be allowed and that the Complaint be dismissed in its entirety.

Further, the defendants have argued and have presented compelling arguments that all of the claims asserted by these plaintiffs cannot withstand review under Rule

12, Federal Rules of Civil Procedure, for the following reasons:

(1) all of Plaintiffs' purported claims against BOA fail because Plaintiffs have failed to allege the existence of a "joint venture" involving BOA;

(2) all of Plaintiffs' purported claims against BOA fail because they depend upon an unreasonable inference that BOA engaged in a "joint venture" for the purpose of making under secured loans to Plaintiffs, and are therefore implausible;

(3) each of Plaintiffs' purported claims against BOA, taken separately, is insufficient to state a claim upon which relief may be granted, specifically:

(a) Plaintiffs' claim against BOA under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") is deficient because Plaintiffs fail to allege facts sufficient to satisfy the heightened pleading standard applicable to RICO claims;

(b) Plaintiffs' claim against BOA for fraud is deficient because Plaintiffs (1) fail to allege facts sufficient to allege facts sufficient to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and (2) fail to allege facts sufficient to establish a claim for fraud under North Carolina law;

(c) To the extent Plaintiffs attempt to bring a claim against BOA for "unconscionability," such a claim is not viable under North Carolina law and, in any event, Plaintiffs have failed to allege facts sufficient to establish an unconscionability defense;

(d) To the extent Plaintiffs attempt to bring a claim against BOA under the Real Estate Settlement Procedures Act ("RESPA"), such a claim is barred by the statute of limitations and is not available for construction lot loans such as those at issue in this lawsuit;

(e) Plaintiffs' claim against BOA for civil conspiracy is deficient because Plaintiffs have failed to allege facts sufficient to establish a viable underlying claim;

(f) To the extent Plaintiffs seek rescission of the loan agreements, the claim is inadequate because Plaintiffs have failed to allege that they are ready, willing and able to return the loan proceeds; and

(g) Plaintiffs' claim against BOA for breach of fiduciary duty is deficient because Plaintiffs have failed to allege facts sufficient to establish the existence of a fiduciary relationship between BOA and Plaintiffs.

Inasmuch as the defendant's supporting memorandum is unopposed, accurately reflects the factual allegations of the Complaint, and is based on current case law, the undersigned incorporates such brief herein as if fully set forth. The court will, therefore, recommend that in the alternative to summary disposition of this matter, that the court grant the Motion to Dismiss the Complaint for the substantive reasons provided in the defendant's supporting memorandum.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss Complaint (#10) be summarily **ALLOWED**, or, in the alternative, that such motion be allowed based on the reasons provided in defendant's supporting memorandum of law.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will

preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

Signed: December 15, 2009

Dennis L. Howell
United States Magistrate Judge